IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel.<br>Attorney General Joshua D. Hawley,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFETY PUBLICATIONS, INC.;<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-01621<br>)<br>)<br>)<br>) |

**CONSENT JUDGMENT**

Plaintiff, State of Missouri, at the relation of Attorney General Joshua D. Hawley, and Defendant Safety Publications, Inc., (hereinafter "Defendant") state the following for their Consent Judgment:

WHEREAS, the Parties to this Consent Judgment and Permanent Injunction ("Consent Judgment") agree that the State of Missouri is authorized to bring this action, and the Attorney General is authorized to represent the interests of the State of Missouri;

WHEREAS, the parties to this Consent Judgment agree that this Court is the proper court of venue and has jurisdiction over the parties and subject matter of this action; and

WHEREAS, the Defendant and the State of Missouri recommend that the Court approve and issue this Consent Judgment with the following terms in settlement of the matters in this cause of action:

**Parties**

1.     Plaintiff is the State of Missouri acting by and through Joshua D. Hawley, the duly elected, qualified and acting Attorney General of the State of Missouri and who is duly responsible for the enforcement and administration of Missouri law.

1

2. Defendant Safety Publications, Inc. is an active Illinois corporation that transacts business in St. Louis, Missouri, among other places. Adam Herdman and Arthur Olivera are co-owners of Defendant Safety Publications, Inc.

3. All references to Defendant Safety Publications, Inc., include acts done individually, in concert, or by or through owners, principals, officers, directors, members, employees, agents, representatives, affiliates, assignees and successors of Defendant. Defendant represents to the Court that it has full and binding authority to execute this Consent Judgment.

4. Defendant agrees and understands that this Consent Judgment applies to Defendant, its owners, principals, officers, directors, members, affiliates, agents, employees, representatives, successors and assigns, whether acting personally, or through any corporation or any other business entities, whose acts, practices, or policies are directed, formulated or controlled by Defendant.

5. This Court is the proper Court of venue and jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, and the Telemarketing Sales Rule, 16 C.F.R. §§ 310 *et seq.*[1] This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

### Stipulations and General Provisions

6. Plaintiff alleges that Defendant has engaged in or materially aided others engaging in methods, acts, uses and practices in the State of Missouri, which violated one or more provision of Mo. Rev. Stat. §§ 407.1095 *et seq.*, and Mo. Rev. Stat. §§ 407.010 *et seq.* Defendant denies all such allegations and this Consent Judgment shall not be considered an admission of violation for any purpose.

---

[1] Claims brought under the TCPA and TSR were voluntarily dismissed.

7.  After fully briefing the issues on Summary Judgment, the Court found Defendant liable for violations of the Missouri No-Call law, Mo. Rev. Stat. § 407.1098. The Court further found Defendant liable for violations of the Missouri Merchandising Practices Act, finding that Defendant's calling script which states that donors know where their money is going is an assertion not in accord with the facts, and that it has the tendency or capacity to mislead, deceive or cheat, or to create a false impression, in violation of the MMPA. *See* Mo. Rev. Stat. § 407.020; 15 C.S.R. §§ 60-9.070 and 60-9.020; *see also State ex rel. Nixon v. RCT Developmental Ass'n*, 290 S.W.3d 756, 760 (Mo. Ct. App. 2009).

8.  If any provision or provisions of this Consent Judgment is or are declared invalid by a court of competent jurisdiction, the rest of this Consent Judgment shall remain in full force and effect and shall not be affected by such declaration.

9.  No changes shall be made to this Consent Judgment unless made in writing and signed by all parties hereto.

10. This Consent Judgment embodies the entire agreement and understanding of the parties hereto with respect to the subject matter contained herein.

11. This Consent Judgment is issued pursuant to federal law and the laws of the State of Missouri and shall be governed by and construed in accordance with same.

12. Defendant, through its owners, agents, representatives and/or employees shall not, directly or indirectly represent to any person, natural or otherwise, that the Missouri Attorney General, or any of his employees, sanctions, endorses, or approves of any past or further methods, acts, uses, practices, or solicitations by or on behalf of Defendant.

13. The Parties agree that Plaintiff will file this Consent Judgment with the Court and will present to the Court for issuance.

14. The Parties agree and stipulate that this Court has personal jurisdiction over Defendant for purposes of, and subject matter jurisdiction to enforce, this Consent Judgment, and to issue any orders or directions as may be necessary and appropriate for the enforcement of, or compliance with, this Consent Judgment.

15. Nothing in this Consent Judgment shall be construed as relieving Defendant of the obligation to comply with all state or federal laws, regulations or rules; or relieving Defendant from any existing or future liability under the laws, or from legal claims not set forth in this Consent Judgment; or as limiting the ability of the Attorney General or any other government entity from enforcing such provisions with respect to Defendant within the State of Missouri.

16. Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Consent Judgment.

### Joint Motion for Entry of Judgment

17. The Plaintiff and Defendant each recommend the Court approve and issue this Consent Judgment in accordance with the terms herein.

### Defined Terms

18. For the purposes of this Consent Judgment, the following terms shall have the following meaning:

    a. **"Automatic telephone dialing system"** means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

    b. **"Federal Do-Not-Call List"** shall mean the National Do-Not-Call Registry, which is the registry maintained by the Federal Trade Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

4

  c. **"Established Business Relationship"** means "a prior or existing relationship formed by a voluntary two-way communication between a seller or telemarketer and a consumer with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the consumer regarding products or services offered by such seller or telemarketer, which relationship has not been previously terminated by either party" as defined in Mo. Rev. Stat. § 407.1070(4).

  d. **"Missouri Do-Not-Call List"** shall mean the registry which is maintained by the Missouri Attorney General at Mo. Rev. Stat. § 407.1101.

  e. **"Telephone solicitation"** means "any voice, facsimile, short messaging service (SMS), or multimedia messaging service (MMS), for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services, but does not include communications: (a) To any residential subscriber with that subscriber's prior express invitation or permission; (b) By or on behalf of any person or entity with whom a residential subscriber has had a business contact within the past one hundred eighty days or a current business or personal relationship; (c) By or on behalf of an entity organized pursuant to Chapter 501(c)(3) of the United States Internal Revenue Code, while such entity is engaged in fund-raising to support the charitable purpose for which the entity was established provided that a bona fide member of such exempt organization makes the voice communication; (d) By or on behalf of any entity over which a federal agency has regulatory authority to the extent that: a. Subject to such authority, the entity is required to maintain a license, permit or certificate to sell or provide the

merchandise being offered through telemarketing; and b. The entity is required by law or rule to develop and maintain a no-call list; and (e) By a natural person responding to a referral, or working from his or her primary residence, or a person licensed by the state of Missouri to carry out a trade, occupation or profession who is setting or attempting to set an appointment for actions relating to that licensed trade, occupation or profession within the state or counties contiguous to the state" as defined in Mo. Rev. Stat. § 407.1095(3).

 f. **"Telemarketing"** shall mean "a plan, program or campaign which is conducted to induce the purchase or lease of merchandise by use of one or more telephones and which involves more than one telephone call" as defined in Mo. Rev. Stat. § 407.1070(13).

 g. **"Fundraising"** shall mean any voice, facsimile, short messaging service (SMS), or multimedia messaging service (MMS), for the purpose of encouraging a financial contribution to a charitable organization.

### Injunctive Relief

19. **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** by this Court that Judgment is entered for the State against Defendant Safety Publications, Inc., for the following injunctive terms:

 a. Defendant Safety Publications, Inc., is hereby permanently enjoined from engaging in telemarketing or fundraising activities in the State of Missouri through its owners, principals, officers, directors, members, affiliates, agents, employees, representatives, successors and assigns, whether acting personally, or through any corporation or any other business entities.

b. Defendant Safety Publications, Inc., is hereby permanently enjoined from making telephone solicitation or professional fundraising calls to consumers in the State of Missouri through its owners, principals, officers, directors, members, affiliates, agents, employees, representatives, successors and assigns, whether acting personally, or through any corporation or any other business entities.

### Monetary Relief

20. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by this Court that Judgment is entered against Defendant Safety Publications, Inc. is liable to the State of Missouri in the amount of $264,000 for the cost of the investigation and prosecution of the alleged violations stated herein. Execution of this payment is stayed and suspended upon compliance by Defendant with the terms of paragraph 19 above.

21. In the event Defendant violates paragraph 19 above, the Attorney General may, at his option, declare the entire amount specified in paragraph 20 due and payable immediately and may seek a reasonable attorneys' fee if required to pursue collection of same, including execution thereon. Defendant waives any right to notice of default and any opportunity to cure same except by payment of the unpaid balance in full.

The parties, in agreement with the foregoing, affix their signatures below and consent to entry of the Consent Judgment and Permanent Injunction.

SO ORDERED:

_____
Hon. Jean Hamilton
District Court Judge

July 17, 2017

Approved as to form:

_____     Dated: _____

Mary D. Morris, #60921
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
Telephone: (314) 340-6816
Facsimile: (314) 340-7957
Email: mary.morris@ago.mo.gov

*Attorney for Plaintiff*

[signature]                                  Dated: 6/26/2017

COPILEVITZ & CANTER LLC
William E. Raney, MO #46954
Kellie Mitchell Bubeck, MO #65573
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000
Email: braney@cckc-law.com
        kmitchell@cckc-law.com

*Attorneys for Defendants*

8

DEFENDANT
Safety Publications, Inc.
By: *[signature]*

Adam Herdman
Co-owner, Safety Publications, Inc.

State of _IL_         )
                      )  ss.
County of _Cook_      )

Before me, a notary public for the State of _Illinois_, personally appeared Adam Herdman, who did upon his oath state that he holds the position of co-owner of Defendant Safety Publications, Inc., that he is authorized to execute this Agreement on behalf of this Defendant, and that he has executed this Agreement as a free act and deed. Subscribed and sworn to before me this _20TH_ day of _June_, 2017.

"OFFICIAL SEAL"
JOANNE K. CANO
Notary Public, State of Illinois
My Commission Exp 06/25/2017

*[signature]*
Notary Public

My commission expires on _06/25/2017_.

9

DEFENDANT
Safety Publications, Inc.
By:

*/s/ Arthur Olivera*

Arthur Olivera
Co-owner, Safety Publications, Inc.


State of __Illinois__       )
                            ) ss.
County of __DuPage__        )

Before me, a notary public for the State of __Illinois__, personally appeared Arthur Olivera, who did upon his oath state that he holds the position of co-owner of Defendant Safety Publications, Inc., that he is authorized to execute this Agreement on behalf of this Defendant, and that he has executed this Agreement as a free act and deed. Subscribed and sworn to before me this __30__ day of __June__, 2017.

OFFICIAL SEAL
JARRED POPP
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 08-20-2017

_____
Notary Public

My commission expires on __8/20/17__.

10

PLAINTIFF
By:

*Mary D. Morris*
Mary D. Morris
Assistant Attorney General
State of Missouri

State of Missouri    )
                     ) ss.
City of St. Louis    )

On this 10th day of July, 2017, before me, the undersigned notary public, personally appeared Mary D. Morris, who did upon her oath state that she is an Assistant Attorney General of the State of Missouri; that she is the attorney for the Plaintiff State of Missouri ex rel. Attorney General Joshua D. Hawley with respect to the matter set forth in this agreement; that she is authorized to execute this Agreement on behalf of the plaintiff, and that she has executed this Agreement as a free act and deed. Subscribed and sworn to before me this 10th day of July, 2017.

*Jennie J. Kimberly*
Notary Public

My commission expires on Aug. 26, 2020.

> JENNIE J. KIMBERLY
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Jefferson County
> My Commission Expires: August 26, 2020
> Commission Number: 12379229

11